THE STATE OF OHIO, APPELLANT, *v.*
BURKHART, APPELLEE.

(No. 84AP-88—Decided
March 22, 1984.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien* and *Mr. David E. Tingley,* for appellant.
*Mr. Tom Conaty,* for appellee.

MOYER, J. Plaintiff, state of Ohio, has filed a motion for leave to appeal pursuant to R.C. 2945.67(A) and App. R. 5 from a judgment of the Municipal Court of Franklin County sustaining defendant's objection to the admission of testimony regarding an intoxilyzer breath test where the test was administered forty-three minutes after the alleged violation of operating a motor vehicle while intoxicated and entering a judgment of acquittal at the close of the state's stipulated case. The trial court's action was not taken in response to a motion to suppress. Defendant has filed no memorandum contra the motion for leave to appeal.

Although the state has not stated that the motion for leave to appeal is not taken for the purpose of delay as required by Crim R. 12(J), that defect is not prejudicial because the trial court entered judgment for defendant and the state therefore is obviously not appealing for purposes of delay. The state seeks an appeal for the sole purpose of determining whether the trial court erred by finding that a chemical test administered forty-three minutes after the defendant allegedly violated R.C. 4511.19(A)(3) reflects defendant's blood alcohol content only at the time the test was administered but does not reflect defendant's blood alcohol content at the time his motor vehicle was operated. The state does not appear to seek a reversal of defendant's acquittal.

The state has properly supported its motion for leave to appeal, the issue is a legal issue that should be decided by this court, and the motion for leave to appeal is therefore sustained.

*Motion for leave to appeal sustained.*

REILLY, J., concurs.

WHITESIDE, J., dissents.

WHITESIDE, J., dissenting. Finding the granting of leave to appeal inappropriate, I must respectfully dissent.

First, if the appeal be from the granting of a motion to suppress, R.C. 2945.67(A) confers an appeal as of right, making a motion for leave to appeal both unnecessary and inappropriate. If that be the case, the appeal should be dismissed for failure of appellant to comply with the mandatory procedural requirements of Crim. R. 12(J).

However, this does not appear to be an appeal from a motion to suppress but, instead, one from a ruling upon admissibility of evidence, the notice of appeal referring to a holding that "a chemical test * * * is inadmissible without expert testimony." Crim. R. 12(J) would not be applicable, but the "order" would not be appealable until

final judgment was entered. The very basis the majority gives for ignoring Crim. R. 12(J) mandates dismissal of this appeal, the majority noting "the trial court entered judgment for defendant." R.C. 2945.67(A) expressly provides there can be no appeal from "the final verdict" in a criminal case. Here, the trial court upon the evidence adduced found defendant not guilty. There can be no appeal by the prosecution from a factual determination of not guilty in a criminal case, no matter the extent or nature of claimed error since the defendant has been in jeopardy, and no further proceedings in the trial court are possible upon the charges. See the fourth paragraph of the syllabus of *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65 [44 O.O.2d 50]. Any decision herein would be advisory only since, having been acquitted, defendant cannot be retried upon the charges even if there be error in the exclusion of evidence at the "trial" as contended by the prosecutor.

Accordingly, I would overrule the motion for leave to appeal and dismiss any appeal as of right.